[Civil No. 1816. Filed June 16, 1921.]

[198 Pac. 717.]

## GEORGE HARTMAN, Appellant, v. OATMAN GOLD MINING AND MILLING COMPANY, a Corporation, Appellee.

1. CORPORATIONS—STOCKHOLDER DOES NOT REPRESENT CORPORATION.— A stockholder, as such, does not represent the corporation, and only under exceptional circumstances may he act in its behalf.

2. CORPORATIONS—IF STOCKHOLDER EXPENDS MONEY ON BEHALF OF CORPORATION, HIS RIGHT OF RECOVERY DEPENDS ON THE EXISTENCE OF SOME CONTRACTUAL RELATION.—If a stockholder do anything or expend money on behalf of the corporation, his right of recovery depends on the existence of some contractual relation with respect to the act or expenditure, and without some agreement on the subject, express or implied, he stands in the same position as a stranger.

3. CORPORATIONS—WHERE STOCKHOLDER ASSUMES TO ACT AS AGENT, CORPORATION IS LIABLE ON RATIFICATION OF HIS UNAUTHORIZED ACT.—A stockholder, like anyone else, may assume to act on behalf of or as agent of the corporation, and if the corporation subsequently, either expressly or by conduct, ratifies his unauthorized act, liability follows to the same extent as though authority had originally existed.

4. CORPORATIONS — ACCEPTANCE OF BENEFIT OF UNAUTHORIZED ACT AMOUNTS TO A RATIFICATION.—Accepting the benefit of an unauthorized act of one purporting to act as agent without authority, when with knowledge of the material facts, amounts to a ratification.

5. CORPORATIONS — WHERE STOCKHOLDER COMPELLED RESTORATION OF SHARES AND CORPORATION ACCEPTED, IT IS LIABLE FOR EXPENSES.— Where a stockholder, acting without authority of the corporate officers, expended money in prosecuting a proceeding before the Corporation Commission to compel the return to the company of 50,000 shares of its capital stock appropriated by the president and secretary, and the company accepted return of such shares, it is liable, on principle of ratification, for the expenditures thus incurred by the stockholder.

6. CORPORATIONS—DEFENDANT CORPORATION MERELY DENYING LIABILITY, CANNOT QUESTION REASONABLENESS OF SHAREHOLDER'S EXPENDITURES SUED FOR.—In an action by a shareholder to recover expenses incurred in compelling restoration to the corporation of shares of stock appropriated by its president and secretary, the

corporation, where it merely denied liability, but did not question the amount, *held* precluded from questioning the reasonableness of the sums expended.

7. MINES AND MINERALS—SHAREHOLDER OF COMPANY OPPOSING APPLICATION FOR PATENT TO ADJACENT LAND NOT ENTITLED TO RECOVER EXPENDITURES.—Where a shareholder in a corporation without authority prepared an adverse claim against an application for a patent to adjacent mineral lands, he is not entitled to recover expenditures; it appearing the corporation did not request any such service, and that it made a settlement with the adjoining owner by which the area in conflict was secured.

8. CORPORATIONS—SHAREHOLDER SUING TO RECOVER FOR EXPENSES IN PROSECUTING ACTION FOR CORPORATION NOT ENTITLED TO ATTORNEY'S FEES.—A shareholder, suing a corporation to recover expenses incurred in proceeding to compel restoration of shares to the corporation, etc., is not entitled to attorney's fees in his action against the corporation; the action being purely adversary.

APPEAL from a judgment of the Superior Court of the County of Mohave.   W. A. O'Connor, Judge. Reversed and remanded, with directions.

Mr. Robert E. Morrison and Mr. Emmet T. Morrison, for Appellant.

Mr. Charles W. Herndon, for Appellee.

PATTEE, Superior Judge.—George Hartman, plaintiff below and so here designated, sued the Oatman Gold Mining & Milling Company, hereinafter styled the company, to recover the amount of a claimed indebtedness for moneys advanced to and expended on behalf of the company, and for services performed for the benefit of the company. The items of the plaintiff's claim, as set forth in his complaint, may be divided into three classes. The first is for money advanced and expended for work done upon the mining claims of the company, the plaintiff claiming a balance of $277.66. This claim was admitted by the company to be due from it to the plaintiff. The second class of items is for money expended by

the plaintiff in prosecuting a proceeding before the Arizona Corporation Commission to compel the return to the company of 50,000 shares of its capital stock, claimed to have been wrongfully appropriated by the president and secretary of the company to their own use. The items of the third class relate to money expended for a survey and other proceedings in connection with the preparation and filing of an adverse claim against an application for patent made by an adjoining mineral claimant, and for services performed in connection with the survey, it being asserted that the claim of the applicant for patent included certain ground belonging to the company. At the trial the court held that the plaintiff was entitled to recover only the sum of $277.66, the amount admitted to be due him, and directed a verdict for that amount. From the judgment entered upon the verdict so directed, the plaintiff appeals.

With respect to the right to recover the amount expended in the proceeding before the Corporation Commission, the question discussed by counsel is whether the plaintiff was authorized to bring such a proceeding on behalf of the corporation without first applying to the board of directors to bring the proceeding, or showing such a situation as would render such an application useless or unnecessary. The plaintiff, conceding that he made no such application to the corporate authorities, contends that the facts shown by the evidence relieve him from the necessity of so doing, within the rules governing the right of minority stockholders to· bring an action to enforce the rights or to redress the grievances of the corporation. It is also contended that the proceeding before the Corporation Commission was not an action, and that the rules relating to the right of minority stockholders to bring suit on behalf of the corporation are strictly limited in the application to proceed-

ings in courts of equity. If the right of the plaintiff to recover these items depended upon the question discussed by counsel, it might be seriously doubted whether the facts bring the case within the rule authorizing the stockholder to bring an action on behalf of the corporation. But the evidence is undisputed, and, under it, the right of recovery turns rather upon the law of agency, and the rules governing the rights and liabilities of principal and agent, than upon the application of the rule discussed in the briefs. A stockholder does not, as such, represent the corporation, and, only under exceptional circumstances, may he act in its behalf. If he do anything or expend money on behalf of the corporation, his right of recovery depends upon the existence of some contractual relation with respect to the act or expenditure. Without some agreement on the subject, express or implied, he stands in the same position as a stranger to the corporation. But, like anyone else, he may assume to act on behalf of or as an agent of the corporation and if the corporation subsequently, either expressly or by conduct, ratify his unauthorized act, liability follows to the same extent as though authority had originally existed. Accepting the benefits of an unauthorized act, with knowledge of the material facts, amounts to such ratification. 1 Elliott on Contracts, § 459.

As to the expenditures made by the plaintiff in the presentation of the matter considered by the Corporation Commission, a case is presented calling for the application of this rule. The wrong which the plaintiff sought to have righted was done to the corporation. The proceeding was brought for its benefit. The sums claimed were expended by the plaintiff for the purpose of restoring to the corporation property wrongfully taken from it. Whether the Corporation Commission has jurisdiction to entertain

and determine such a matter need not be considered. The proceeding was entertained and determined with the result that the stock claimed to have been misappropriated was returned to the company's treasury. The company received and retained the restored property. The evidence warrants no other conclusion than that the company accepted and retained the benefits of the action taken by the plaintiff, with knowledge of all the material facts. Ratification must necessarily be *in toto,* and by accepting the benefits of the plaintiff's act, the company accepted the burdens. 1 Elliott on Contracts, § 455.

In such a situation, the reasonable expenditures made by the plaintiff in securing to the company the benefits which it accepted may be recovered. The right of recovery, however, extends only to the expenditures which were reasonably necessary to secure the result, and not to amounts paid out beyond those reasonably necessary. Ordinarily, the question of reasonableness and necessity for the claimed expenditures would be one of fact, but in this case any objection that any of the items claimed were unnecessary in character or excessive in amount was waived. At the trial, counsel for the respective parties agreed upon a statement of certain matters of fact in order to dispense with proof of such matters. It was admitted that the plaintiff had expended the several amounts claimed by him for the purposes stated in his complaint, but it was stated by counsel for the defendant that he did not "want it considered that these expenditures were made at the instance and request of the defendant." Counsel for the plaintiff acquiesced in this suggestion, and stated that the question of the liability of the company for the expenditures made by the plaintiff was left for determination. It is obvious, from the statements of counsel and their subsequent conduct during the trial,

that it was understood that no question with respect to the amount of the expenditures was intended to be raised, but that the only questions to be litigated were with respect to the liability of the company for the amounts admitted to have been paid. The company is therefore precluded, by the course taken at the trial, from raising any question with respect to the reasonableness or necessity of the expenditures. There is therefore no issue of fact to be determined as to the right to recover the amounts expended in the proceeding before the Corporation Commission, and as a matter of law the plaintiff is entitled to judgment for such amounts.

The application of the law of agency determines the question respecting the expenditures made by the plaintiff in seeking to protect the property of the company against the application for patent made by the adjoining owner. As to this claim the facts are undisputed. The plaintiff was a mere stockholder of the corporation. He was not an officer, and had nothing to do with the management of its affairs. He knew that the application for patent was pending, and that the notice required by law was in course of publication. Seeing that the company was apparently taking no steps to protect its property, and fearing that the area in conflict might be lost, he took up the matter of filing an adverse claim with a director of the company, who resided in a distant state. He did not communicate with the officers of the company, other than the one director, though some of them lived in the same county as himself. He gives as reason for not taking the matter up with the president and secretary of the company that they were the same officers who had misappropriated the stock of the company, which he had compelled them to return, and he had no confidence in them. He received from the director with whom he communicated only a re-

quest for further information. Thereupon, as the time within which an adverse could be filed was drawing to a close, and he had no time to continue his correspondence with the director, he caused a survey to be made, employed counsel to prepare an adverse claim, and filed in the United States Land Office. He brought no suit for the reason that after the filing of the adverse claim he learned that the officers of the company had made a settlement with the adjoining owner by which the area in conflict had been secured to the company.

Whether a stockholder has such an interest in the corporation and its property as to authorize him to file an adverse claim and maintain a suit in support of it need not be discussed. If he has, he would be deemed to be merely protecting his interest as a stockholder, in the absence of some request or agreement, express or implied, on the part of the corporation. His position as a stockholder does not, in itself, authorize him to act for or bind the corporation, or render the corporation liable to reimburse him for such expenditures. Only a pre-existing agreement, or a subsequent ratification of his acts, can create such a liability. In this case there was neither. The plaintiff was not requested by the company, or anyone acting for it, to do what he did. It does not appear that the company had any knowledge of what he had done. It never received or accepted any benefit from the plaintiff's acts, and never, in any manner, ratified them. On the contrary, it attended to the adjustment of the controversy with satisfactory results. The company is therefore not liable to the plaintiff for the amounts expended in the adverse proceedings.

One of the items for which the plaintiff sues is for the value of the services of his attorney in this action. The rule frequently applied, in suits brought by

minority stockholders for the benefit of the corporation, that a reasonable attorney's fee may be allowed to the successful plaintiff, has no application to a case like this. This action is in no sense for the benefit of the company. The position of the parties is strictly adversary. It is elementary that, except when authorized by statute or agreement of the parties, attorney's fees cannot be recovered in such a case.

There was no issue of fact to be submitted to the jury, and it was the duty of the court to direct a verdict. It was error, however, to direct it for only $277.66. The plaintiff was entitled to recover in addition the sum of $657.60, the expenditures paid in the proceeding to recover the stock. The judgment is therefore reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff for the sum of $935.26, with interest from the dates the above sums became due, and costs.

ROSS, C. J., and BAKER, J., concur.

NOTE.—Judge McALISTER presided in the trial of this case in the lower court once, and for that reason Honorable SAMUEL L. PATTEE, Judge of the superior court of Pima county, was called in to sit in his place.