[Civil No. 879.   Filed March 30, 1905.]

[80 Pac. 327.]

FRANCES CUNNINGHAM, Plaintiff and Appellant, v. FRANK V. MORENO et al., Defendants and Appellees.

1. MALICIOUS PROSECUTION—MALICE—MAY BE INFERRED — WANT OF PROBABLE CAUSE.—In an action for malicious prosecution malice may be inferred from want of probable cause.

2. SAME—MALICE—PROBABLE CAUSE—WANT OF—BURDEN OF PROOF.— While in an action for malicious prosecution malice may be inferred from facts showing want of probable cause, it is incumbent on the plaintiff to show, *prima facie,* want of probable cause.

3. SAME—TRIAL—EVIDENCE—ORDER OF PROOF—IN DISCRETION OF TRIAL JUDGE—DAMAGES—PROOF OF—NOT ALLOWED UNTIL WANT OF PROBABLE CAUSE SHOWN.—The order of proof is a matter within the discretion of the trial court, and in an action for malicious prosecution it is not error to refuse to admit evidence upon the question of damages until the proof necessary to sustain such damages had been adduced.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Charles Blenman, for Appellant.

The fact that the prosecution complained of had terminated by the grand jury dismissing the charge, which was admitted

by the pleadings, and was not controverted by the defendants, was *prima facie* evidence of want of probable cause for the prosecution, and from such want of probable cause being established malice was inferred.

"The ignoring of a bill by the grand jury is evidence of want of probable cause, although it is not conclusive." Cooley on Torts, p. 213; Newell on Malicious Prosecution, p. 290.

"In an action for malicious prosecution the fact that the grand jury failed to indict does not preclude the defendant from proving that the plaintiff was guilty of the crime charged." *Barber* v. *Gould,* 20 Hun, 446.

"The refusal of the grand jury to find an indictment against the plaintiff is evidence to show want of probable cause." *Caperson* v. *Sproule,* 39 Mo. 39; *Potter* v. *Casterline,* 41 N. J. L. 22; *Harper* v. *Harper,* 49 W. Va. 661, 39 S. E. 661; *Magowan* v. *Rickey,* 64 N. J. L. 402, 45 Atl. 804.

"When there is want of probable cause malice is inferred." *Ambs* v. *Railway Co.,* 114 Fed. 317; *Richardson* v. *Dybedahl,* 14 S. Dak. 126, 84 N. W. 486; *Toth* v. *Grierson,* (N. J.) 51 Atl. 927; *Frost* v. *Holland,* 75 Me. 108; *Humphries* v. *Mead,* 23 Pa. Super. Ct. 415; *Scott* v. *Dewey,* 23 Pa. Super. Ct. 396.

"A discharge of defendant is *prima facie* evidence of want of probable cause." *Eggett* v. *Allen,* 119 Wis. 625, 96 N. W. 803.

It has been decided that in an action for malicious prosecution; if there is sufficient undisputed evidence to show probable cause, the court should direct a verdict for defendant. *Figg* v. *Hanger,* (Neb.) 96 N. W. 658.

From this citation, it is submitted that the converse must apply, and that therefore if there is sufficient evidence to show want of probable cause, the court should direct a verdict for plaintiff. It was also decided in this last-mentioned citation that plaintiff might establish want of probable cause by any competent proof. See, also, *Jordan* v. *Chicago etc. Ry. Co.,* 105 Mo. App. 446, 79 S. W. 1155; *Stubbs* v. *Mulholland,* 168 Mo. 47, 67 S. W. 650; *Sharpe* v. *Johnston,* 59 Mo. 557; *Rounds* v. *Humes,* 7 R. I. 535.

Allen R. English, Charles Bowman, and S. A. D. Upton, for Appellees.

The finding of an examining magistrate that an offense has

been committed, and that there was probable cause to believe the defendant guilty thereof, is *prima facie* evidence of probable cause for the prosecution. *Miller* v. *Chicago etc. Ry. Co.,* 41 Fed. 898; *Ambs* v. *Railway Co.,* 114 Fed. 317.

There is no proof that the proceedings begun before the committing magistrate were ever terminated in favor of plaintiff, or were ever terminated at all. This fact must be proven. *Stewart* v. *Sonneborn,* 98 U. S. 195, 25 L. Ed. 116.

Even if it can be said that the fact that the grand jury ignored and dismissed the charge against the plaintiff, then we contend that there exist two *prima facie* cases, and the one neutralizes the other, and the plaintiff, to sustain her case, was required to produce other evidence of malice and want of probable cause for instituting the prosecution against her, as alleged in the complaint. *Miller* v. *Chicago etc. Ry. Co.,* 41 Fed. 898.

KENT, C. J.—This is an action for damages for malicious prosecution. The complaint alleges, in substance, that the defendants maliciously and without probable cause lodged a complaint with a justice of the peace charging the plaintiff with a felony, in the larceny of certain articles; that a warrant was issued thereunder, and plaintiff was arrested, arraigned on the charge, and held by the justice to await the action of the grand jury; that the grand jury refused and declined to present an indictment, and dismissed the charge, and the prosecution was thereby terminated; and further alleges general and specific damages. The answer of the defendants Wildman and Roberts specially denies any connection with the charge, and contains a general denial of all the allegations of the complaint. The answer of the remaining defendants admits the residence of the parties and the co-partnership of the defendants, and denies specifically certain allegations of the complaint, and generally all allegations except those expressly admitted in the answer as above stated. Upon the trial the plaintiff gave testimony which related to her arrest, the complaint lodged against her, and the action of the justice of the peace in binding her over to await the action of the grand jury. She testified that she did not steal the articles. She was asked if she knew what was the result before the grand jury, but the question was not answered;

the court sustaining an objection thereto. No evidence was given as to what, if any, action was taken by the grand jury. Counsel for the plaintiff then endeavored to prove by the plaintiff the damages suffered by her, but was stopped; the court holding that proof must first be offered of malice or want of probable cause for the arrest, before proof as to her damages would be received. To this ruling the plaintiff took an exception, and, no further evidence being offered, judgment was entered for the defendants, and the plaintiff now appeals.

The principal question raised by the assignments of error is whether the trial court was right in holding that proof showing malice and the absence of probable cause for her arrest was necessary, to enable the plaintiff to sustain the action. While it is true that malice may be inferred from the facts which go to make the proof of want of probable cause, it is incumbent on the plaintiff in an action for malicious prosecution to show, at least *prima facie,* want of probable cause. Counsel for the appellant contends that the pleadings and evidence show that the grand jury dismissed the charge, and he claims that this is sufficient evidence of want of probable cause. This we do not need to determine, for the record does not bear out the contention of the appellant. It was directly put in issue by the averments of the complaint and the denials of the answers that the grand jury had dismissed the charge; but no proof of this was introduced by the plaintiff, or any other evidence given either of malice, or of want of probable cause from which malice might properly have been inferred. On the contrary, as the case stood when judgment was taken, not only was there no evidence of want of probable cause, but the showing of the existence of probable cause, established *prima facie* by the action of the committing magistrate, had in no way been controverted. There is nothing in the evidence to show what action the grand jury took, or that the proceedings begun before the committing magistrate were terminated in favor of the plaintiff, and, indeed, nothing to show that they were terminated at all, except that the plaintiff, in response to a question by her counsel after the question as to what action the grand jury had taken had been excluded, testified that no further steps in the prosecution had been taken against her. The

court below therefore rightly held that the plaintiff, to sustain her action, must give some proof of want of probable cause. *Stewart* v. *Sonneborn,* 98 U. S. 187, 25 L. Ed. 116; *Miller* v. *Railway Co.,* (C. C.) 41 Fed. 898; *Ambs* v. *Railway Co.,* (C. C.) 114 Fed. 317; *Bekkeland* v. *Lyons,* 96 Tex. 255, 72 S. W. 56, 64 L. R. A. 479; *Frost* v. *Holland,* 75 Me. 108; *Figg* v. *Hanger,* 4 Neb. (unofficial) 792, 96 N. W. 658; *Jordan* v. *Chicago etc. R. Co.,* 105 Mo. App. 446, 79 S. W. 1155; *Sharpe* v. *Johnston,* 59 Mo. 557; *Rounds* v. *Humes,* 7 R. I. 535.

The appellant contends that the court should have permitted the plaintiff to put in her proof as to damages sustained, and then other witnesses could have been examined to prove want of probable cause and malice. An inspection of the record shows, however, that no such application was made to the court, or that counsel made any suggestion that the defect in the proof might be supplied later, or intended to make such proof. In any event, the order of proof was a matter within the discretion of the trial court, and such court might very properly refuse to go into the question of damages until the proof necessary to sustain such damages had been adduced.

The judgment of the district court is affirmed.

SLOAN, J., and DAVIS, J., concur.