[No. 5508.]
[No. 3178 C. A.]

VAN METER ET AL. v. BASS.

1. **Practice in Civil Actions—Malicious Prosecution—Justification—Necessary Elements.**

   In order to justify an action for malicious prosecution, it must be shown, not only that there was a lack of probable cause for the prosecution, but that it was instigated maliciously.—P. 81.

2. **Same—Defenses—Advice of Counsel.**

   In. an action against the state board of medical examiners for malicious prosecution of plaintiff for practicing medicine without a state license, the evidence showed that plaintiff was practicing osteopathy, and that the board believed the practice of osteopathy to be the practice of medicine within the meaning of the statute, and so instructed its secretary to ask the advice of the district attorney, which was done, and in addition other reputable attorneys were consulted, and the reports of decided cases from other states were read by him. Each of the attorneys advised him that plaintiff was violating the statute, and, after laying all the facts fairly and fully before the deputy district attorney, the latter filed an information against plaintiff based upon an affidavit made by the secretary. The information was quashed by the district court upon motion, upon the ground that the practice of osteopathy was not in violation of the statute. Held, that after having taken such advice, the secretary was justified in instituting the prosecution, and the board cannot be held responsible to the plaintiff for damages because the district attorney and the trial court disagreed as to the law.—P. 83.

*Appeal from the District Court of the City and County of Denver.*
*Hon. John I. Mullins, Judge.*

Action by John T. Bass against S. D. Van Meter, T. W. Miles, C. K. Flemming, Solomon G. Kahn, P. J. McHugh, Frank Dulin and W. W. Rowan. From a judgment for plaintiff, defendants appeal.

*Reversed and remanded.*

Mr. I. B. MELVILLE and Mr. H. E. KELLY, for appellants.

Mr. C. H. BURTON and Mr. JOHN A. RUSH, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Section 11 of the Session Laws of 1881, page 188, provides:

"Any person shall be regarded as practicing medicine within the meaning of this section who shall profess publicly to be a physician and prescriber for the sick, or shall attach to his name the title 'M. D.' or 'Surgeon' or 'Doctor' in a medical sense."

Section 12 of the same act makes it a misdemeanor for any person to practice medicine who does not have a certificate from the state board of medical examiners, entitling him to practice.

John T. Bass, the appellee, was an osteopath, practicing his profession in the city of Denver. In the front window of his office he had a sign bearing the following words: "Dr. J. T. Bass, Limited to Osteopathy." His professional cards bore the same inscription.

Appellants constituted the state board of medical examiners. They believed that those practicing osteopathy were practicing medicine within the

meaning of the statute. They instructed appellant Van Meter, who was secretary of the board, to consult with the district attorney and ascertain if those practicing osteopathy were violating the statute, and, if so, to file informations against them.

Pursuant to such instructions, appellant Van Meter made some investigations and learned that appellee was assuming to diagnose diseases and to treat the same by a system of massages and manipulation of the muscles of the body without the use of drugs or surgical instruments. He discovered that appellee was using the sign and the professional cards above mentioned. He advised with a number of reputable attorneys in the city of Denver, among whom were Judge Sales, Marcus Haines, the district attorney and Mr. McIntyre, deputy district attorney. These gentlemen all stood very high in the legal profession. They were known to be able and conscientious lawyers. They advised him that the appellee was violating the statute, and Mr. McIntyre prepared the necessary papers for the prosecution of appellee. The information was sworn to by appellant Van Meter.

The matter coming on to be heard before the district court, a motion to quash the information because it failed to state facts sufficient to constitute a crime was made and sustained, the court holding that the practice of osteopathy did not constitute an offense against the laws of the state.

Appellee then brought this action against appellants for malicious prosecution, and obtained a judgment in the court below, from which judgment appellants perfected this appeal.

There is no question but that the appellant Van Meter fairly, fully, frankly and honestly stated the facts to the district attorney as they were set forth in the information. The defendant in the criminal

action was not discharged because the facts were not proven, but because the facts alleged did not, in the judgment of the trial court, constitute a crime.

At the close of the testimony, appellants moved the court to direct the jury to return a verdict in their favor for two reasons: First, that the testimony failed to show the want of probable cause upon the part of the defendants in instituting the criminal proceeding; and, second, that the evidence failed to show that the proceeding was instituted maliciously, and that defendants acted upon the advice given them by the deputy district attorney after a full and fair disclosure of all the facts within their knowledge. This motion was overruled, and the action of the court in so ruling was assigned as error and is the only assignment of error that we will discuss, because it is decisive of the case.

Each of the parties appear to be desirous that we place a construction upon the statute involved. Inasmuch, however, as that statute was amended by the legislature in 1905 (§ 11, p. 349, Sess. Laws 1905), we do not see that a construction of the old law by this court would serve any useful purpose.

In order to justify an action for malicious prosecution, it must be shown, not only that there was a lack of probable cause for the prosecution, but that it was instigated maliciously.—*Brown v. Willoughby,* 5 Colo. 81; *Murphy v. Hobbs,* 7 Colo. 541; *Gurley v. Tomkins,* 17 Colo. 437.

In *Whitehead v. Jessup,* 2 Colo. App. 76, it was held that wherever in criminal prosecutions the plaintiff acts under the advice of counsel, used in good faith and obtained after a full and fair statement of all the facts bearing on the guilt or innocence of the defendant which he knew or by reasonable diligence might have obtained, he has a good defense to an action for malicious prosecution.

In *Florence Oil & R. Co. v. Huff*, 14 Colo. App. 287, it was said:

"The cases where the opinion of counsel, given upon a full and candid statement of the facts, may be shown as a defense to an action for malicious prosecution, are those in which the facts disclosed did not constitute probable cause for the prosecution, and the advice that they did, was erroneous. Acting in good faith upon the mistaken opinion of counsel will not subject the prosecutor to liability to the person prosecuted. The advice will shield him from judgment in a suit for malicious prosecution, but he must prove at the trial, that his statements to the attorney embraced all that he knew upon the subject, and that they were true."

This seems to be the well-settled rule and, as was stated in *Sebastian v. Cheney*, 86 Tex. 502:

"We have found no case where it is held that a citizen, who in good faith makes a fair statement of the facts as known to him to the prosecuting officer, will be held responsible in damages for the prosecution inaugurated by such officer."

In *Laughlin v. Clawson*, 27 Pa. St. 330, it was said:

"If the officers of the state, who are appointed on account of their legal learning, consider that a given state of facts is sufficient evidence of probable cause, how can the private citizen be said to be in fault in acting upon such facts, and how can the state condemn him to damages for so doing? To decide so is to use the machinery of government as a trap to ensnare those who trust in government for such matters, and who ought to trust in it. If such officers make a mistake, it is an error of government itself, and government cannot allow the citizen to suffer for his trust in its proper functionaries."

To the same point are: *Smith v. Austin*, 45

Mich. 289; *Anderson v. Friend,* 71 Ill. 478; *Dennis v. Ryan,* 65 N. Y. 385; *Shippel v. Norton,* 38 Kan. 570.

In *Warren v. Flood,* 72 Mo. App. 199, it was said:

"By finally dismissing the complaint it seems to have been determined that the facts stated to the prosecutor did not amount to, or constitute, robbery. In such case the rule is that if the complaining party states the facts fairly and fully to the proper officer and such officer incorrectly determines that such facts constitute a certain crime and proceeds to formulate the necessary papers to set on foot the prosecution, the complaining party is not liable, since the fault is not his, but that of the officer.—*Leigh v. Webb,* 3 Esp. 164; *Hahn v. Schmidt,* 64 Cal. 284; *McNeely v. Driskill,* 2 Blackf. 259; *Newman v. Davis,* 58 Iowa 447; *Armstrong v. Ry.,* 46 La. Ann. 1448; *Bartlett v. Brown,* 6 R. I. 37."

To the same effect is *Hicks v. Brantley,* 102 Ga. 264, in which case appears a review of many of the cases wherein this point had been determined.

The testimony in this particular case shows that the appellant Van Meter went to great length to determine whether or not the practice of osteopathy was the practice of medicine within the meaning of the law. Mr. Van Meter not only consulted with the district attorney and his deputies, but with several other able and conscientious counsel. He read the reports of decided cases from other states, and presented the matter fully and thoroughly to the public prosecutor. The public prosecutor advised the commencement of the action. The case failed, not because of the lack of testimony, not because it was shown that the statements made to the district attorney were untrue, not because of any mistake as to the facts, but because the trial court differed with

the district attorney in the interpretation of the stat-
ute.

After having taken the advice that he did take,
the secretary of the board was justified in instituting
the prosecution, and the board cannot be held respon-
sible to the plaintiff for damages because the district
attorney and the trial court disagreed as to the law.

In this case the testimony is also conclusive that
there was no feeling of malice on the part of appel-
lants or either of them against the defendant in the
criminal action.   Their efforts were directed, not
against this particular defendant, but against all of
those practicing osteopathy who had not taken the
medical examination and received the certificate pro-
vided by the statute.

For the reasons above stated, the judgment of
the district court will be reversed and the cause re-
manded with directions to dismiss the complaint.

*Reversed and remanded.*

Mr. Justice Campbell and Mr. Justice Goddard
concur.