No. 11,972.

Burson *v.* Stoeber.

Decided January 3, 1928.

Action for damages for malicious prosecution.    Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.    Malicious Prosecution—*Advice of Attorney.*  Where it appears that defendant in an action for malicious prosecution had consulted with and stated to the district attorney everything he knew of the facts in a case, and the latter prepared the papers and prosecuted the criminal action, the informant is not liable for damages.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. James D. Pilcher, Mr. Charles H. Woodard, for plaintiff in error.

Messrs. Moses & Ellithorp, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE parties will be designated here as in the trial court. Below the plaintiff in error was the defendant, and the defendant in error was the plaintiff.

L. D. Stoeber, the plaintiff, had judgment against Burson, the defendant, in an action for malicious prosecution. The case is before us on error.

A criminal complaint was signed and filed by the defendant, wherein he charged the plaintiff with the larceny of a horse. Before filing the complaint the defendant consulted the district attorney in his official capacity, and told him everything that he knew about the facts in the case, after which the district attorney dictated to his deputy a complaint for the defendant to sign, and directed that it be sworn to, and filed with the justice of peace, for a preliminary hearing. Thereafter the district attorney appeared in that court, and, in person, conducted the prosecution against the plaintiff, and, at the conclusion of the evidence, advised the justice of peace to enter an order binding the plaintiff over to the district court. Thereafter the district attorney filed an information in the district court, based upon the preliminary hearing. The complaint in the first count of the information was for the same offence charged in the criminal complaint in the justice court, and in the second count the plaintiff was charged with taking and retaining possession of an estray horse, without notifying the state board of live stock inspection commissioners within five days after the horse was taken up.

In the district court the trial was conducted by the district attorney in person, which resulted in a verdict of acquittal. Thereafter Stoeber brought this action against Burson for malicious prosecution.

It is the common duty of every citizen to report to the legally constituted authorities every violation of the law, to the end that the law may be enforced. This duty, it seems, was performed by the defendant in this instance,

and after he had stated the facts, fully and fairly, to the district attorney, that officer formulated the necessary papers, and initiated criminal proceedings against the accused, and personally conducted the prosecution before the justice of peace, and in the district court.

We have said, in a case for malicious prosecution, "that if the complaining party states the facts fully and fairly to the district attorney, and that such officer incorrectly determines that such facts constitute a crime, and proceeds to formulate the necessary papers to set on foot the prosecution, the complaining party is not liable, since the fault is not his, but that of the officer." *Climax Dairy v. Mulder*, 78 Colo. 407, 416, 242 Pac. 670; *Van Meter v. Bass*, 40 Colo. 78, 90 Pac. 637, 18 L. R. A. (N. S.) 49.

As this disposes of the case here, it is not necessary to consider other assignments. The defendant's motion for nonsuit should have been sustained.

For these reasons the judgment is reversed and remanded, with direction to the court below to dismiss the proceedings.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE DENISON and MR. JUSTICE SHEAFOR concur.