[Civil No. 3229. Filed November 16, 1932.]

[15 Pac. (2d) 966.]

A. ACKERMAN, Appellant, v. A. KAUFMAN, Appellee.

Mr. A. Ackerman, *in pro. per.*

Messrs. Conner & Jones and Mr. Milton M. Cohan, for Appellee.

LOCKWOOD, J. — A. Kaufman, plaintiff herein, brought suit against A. Ackerman, as defendant, asking for damages for the malicious prosecution of various actions against him by defendant, and, further, that the latter be enjoined from filing any further actions upon any of the matters litigated in the cases which were alleged to have been maliciously brought. Defendant answered admitting the bringing of the actions referred to in the complaint, but denying that they were brought maliciously or with any intent to injure, harm or annoy the plaintiff. He also set up various and sundry matters at great length, reiterating the claims made in his previous actions. These allegations were stricken by the court as being *res adjudicata,* and the issue of malicious prosecution was tried to a jury, which returned a verdict in favor of plaintiff for damages in the sum of $500, being the attorneys' fees which the latter alleged he had expended in defending against the malicious actions aforesaid, all other damages being expressly waived by plaintiff in open court, and a judgment for such amount, together with a permanent injunction against defendant bringing further actions of the nature of those found by the jury to be malicious, was entered. From the judgment this appeal is taken.

Defendant in both the lower court and in this court has elected to act as his own attorney. Not being a member of the legal profession, and apparently not having even the knowledge of law which an ordinary intelligent layman possesses, his brief fails entirely to comply with the rules of this court, particularly in that there are no assignments of error. Indeed,

there is no intelligible statement in the brief from which we can determine just what particular rulings of the lower court he objects to, except that he thinks he has been denied justice in the final result reached by that court.

This is not the first time that defendant has appeared in this court as an appellant. *Abraham Ackerman* v. *A. Kaufman and Annie Kaufman, His Wife*, 39 Ariz. 490, 7 Pac. (2d) 946; *Abraham Ackerman* v. *A. Kaufman*, 39 Ariz. 490, 7 Pac. (2d) 946. The same condition of the record existed in the cases just cited. On those appeals it appeared that the trial court through the whole proceedings had done its best to persuade defendant that he should secure counsel so that his rights, if he had any, could be guarded properly, but he failed to do so. When his appeals were argued the members of this court tried to impress upon him in the strongest possible manner that it was the height of folly for a man not conversant with legal procedure to attempt to conduct in his own person a contested and complicated lawsuit, but it is evident from this appeal that such advice was utterly ignored.

Notwithstanding these facts, instead of dismissing the appeal without further consideration, as we well might do under our rules, we have examined the record carefully to see if we could ascertain therefrom whether or not defendant might have some rights which were entitled to protection by this court.

The first and principal question of law presented by the record was not raised by defendant, but was very fairly and frankly suggested by counsel for Kaufman, for the reason, as he stated, that he wished to take no unfair advantage of Ackerman. That question is whether or not damages may be recovered in an action for malicious prosecution where the plaintiff in such action has never been arrested or had his property rights interfered with. There are

two rules on this question, the so-called English one and the American. The matter is one of first impression in this state, and we therefore consider it on its merits, free to determine which rule is most in harmony with justice and our public policy. In so doing, we examine first the origin of and reason for the English rule. Under the common law, before the Statute of Marlbridge (52 Hen. III), actions for damages for malicious prosecution of civil actions were allowed. *Closson* v. *Staples,* 42 Vt. 209–214, 1 Am. Rep. 316; *Kolka* v. *Jones,* 6 N. D. 461, 71 N. W. 558, 66 Am. St. Rep. 615. Up to that time costs, as such, were not generally recoverable by defendant in any civil action. That famous statute gave to the defendant who prevailed in an action, *which it appeared was maliciously brought,* not only his costs but his damages. But it was not until the act of 23 Hen. VIII, chapter 15, that the defendant was given costs in other cases wherein he was successful, and then only if the case were one in which the plaintiff would have recovered costs had he been the prevailing party.

The English courts held that the Statute of Marlbridge took away the then existing cause of action for damages for malicious prosecution, on the ground that the statute gave a full remedy to the defendant in the very case in which he was maliciously prosecuted, without compelling him to seek redress in an independent action, and that such being the case a special action for damages was unnecessary and improper as giving two remedies for the same wrong. It will readily be seen that under the English statute a defendant who had suffered from a malicious prosecution had an ample remedy for all injuries which had been caused him without the necessity of bringing a separate suit. When, however, we consider our statutes in regard to costs, which apply to all actions malicious and *bona fide* alike, it appears that the

successful defendant in an action which is maliciously brought against him can at best only recoup a very small portion of the damage inflicted. The costs granted under our statute are a very partial indemnity for the defense of an action, and the plaintiff who brings an ill-founded suit in the utmost good faith and the one who brings it from the most unworthy motive are upon exactly the same footing. The reason for this is that the law does not desire to throw around the right of a party to appeal to the courts such risks that a fear of the result might deter him from asserting a claim in which he has an honest belief. The damages which the defendant suffers in excess of the very meager costs allowed in a case of that kind are considered as one of the inevitable burdens which the individual must sustain in the interest of good government. Our public policy requires that the honest plaintiff should not be frightened from asking the aid of the law by the fear of an extremely heavy bill of costs against him should he lose. But this reason does not apply to the plaintiff who seeks to harass, damage and even ruin the honest citizen by maliciously invoking the aid of the courts in support of a claim which he knows to be unfounded. We are of the opinion that the same public policy which requires the defendant to bear some of the expense of an honest, even though unsuccessful, suit, should give him a full and complete remedy against the dishonest and malicious litigant, and this can only be done under our practice by an action of the nature involved herein.

The conclusion which we have reached is that upheld by the large majority of the American courts. *Eastin* v. *Bank of Stockton,* 66 Cal. 123, 4 Pac. 1106, 56 Am. Rep. 77; *Smith* v. *Burrus,* 106 Mo. 94, 16 S. W. 881, 27 Am. St. Rep. 329, 13 L. R. A. 59; *Brand* v. *Hinchman,* 68 Mich. 590, 36 N. W. 664, 13 Am. St. Rep. 362; *Sartwell* v. *Parker,* 141 Mass. 405, 5 N. E.

807; *Pangburn* v. *Bull,* 1 Wend. (N. Y.) 345; *O'Neill* v. *Johnson,* 53 Minn. 439, 55 N. W. 601, 39 Am. St. Rep. 615; *Hoyt* v. *Macon,* 2 Colo. 113; *McCardle* v. *McGinley,* 86 Ind. 538, 44 Am. Rep. 343; *Closson* v. *Staples,* 42 Vt. 209, 1 Am. Rep. 316.

The court in its instructions to the jury properly and fairly presented the law of the case as follows:

"The fact that the defendant in this case failed in those other actions to establish his contention does not, of itself, show that his purpose in bringing those suits was malicious, and I do not want you to get the impression that merely because a man loses a law suit he must have had animosity against the party against whom the suit was brought. Courts are for the purpose of establishing justice. It is not alone sufficient that the plaintiff in this case establish that the plaintiff in the former cases (that is, the defendant in this case) lost those other cases, the gist of this case is that those actions were brought, not for the purpose of securing justice, and not with a reasonable expectation of winning those law suits, but for the purpose of harrassing and vexing the defendant in those actions and the plaintiff in this action.

"If, upon considering those phases of this case, gentlemen, you conclude that the plaintiff has sustained the burden resting upon him and that the defendant in this case did bring those other actions last spring for the purpose, not of securing justice, but for the purpose of harrassing and annoying the defendant in those actions (the plaintiff in this case) then you will consider the measure of damages to be accorded to the plaintiff in this action."

The question then is: Does the evidence in the case justify the jury in finding that the actions brought by Ackerman against Kaufman were brought maliciously and not in good faith?

The facts relevant to the issue formed by the pleadings in this case are as follows: Plaintiff Kaufman is the husband of defendant Ackerman's sister. The parties came to Tucson some time before 1912.

In December of the year last mentioned Ackerman brought suit against Kaufman for the return of a certain document which he alleged Kaufman 'had obtained from him through fraudulent representations. The case was tried to the court without a jury and judgment was rendered in favor of defendant Kaufman. A few months later Ackerman again filed suit against Kaufman and others alleging that one Esther Felix had forged his name to certain documents for the benefit of Kaufman, asking for damages in the sum of $6,000. A general demurrer was sustained to this complaint and the action dismissed. In July, 1913, Ackerman again sued Kaufman alone on the same identical cause of action, including, however, therein the allegation that Kaufman had been annoying him and stealing certain property from him, and again asking for $6,000 damages. The case again was disposed of on a general demurrer. A couple of months later Kaufman brought suit against Ackerman, asking for $5,000 damages and an injunction against further actions by Ackerman on the matters previously litigated, alleging that he had been greatly damaged by reason of the continual annoyance of being sued, and that the three actions above referred to were malicious on the part of Ackerman. This case was tried to a jury, which returned a verdict in favor of Kaufman in the sum of $500 and an injunction issued as prayed for. The parties apparently from that time on until 1927 had no further litigation, but in the year last named Kaufman brought suit against Ackerman for $204, which he alleged he had expended for the use and benefit of defendant. Ackerman answered, denying that he owed Kaufman any money, and filed a cross-complaint asking for some $10,000 as against Kaufman. The matter was again tried to a jury which returned a verdict in favor of Kaufman in the amount asked for by him. On the 3d day of February, 1931, Acker-

man filed a suit against Kaufman. In most, if not all, of the previous cases brought by Ackerman he was represented by or had the aid of counsel and his pleadings were at least intelligible and consistent. In the last-mentioned case he acted as his own attorney. The complaint was apparently a narrative account in the first person of all the grievances which Ackerman had had against Kaufman from the year 1911 on to the date of the complaint, including all the matters previously litigated in the suits above referred to, and a further claim that Kaufman during the absence of Ackerman in Europe for some three years had embezzled some $9,000 of Ackerman's money and later had alienated Ackerman's wife's affections and kidnaped his daughter. A motion to strike most of the complaint was granted by the court, and plaintiff filed an amended complaint which also was stricken and the action dismissed. A few days later Ackerman brought another suit setting up in substance the matters which were presented by his complaint in the suit which had just been dismissed, and after a further motion to strike was granted, the action was again dismissed. Ackerman appealed to this court in both cases, and we affirmed the judgment of the trial court in *Ackerman* v. *Kaufman et ux.*, and *Ackerman* v. *Kaufman, supra.*

We think the foregoing recital of facts is sufficient to convince any fair-minded jury that defendant in this case is either mentally unbalanced, or that his action was malicious. Certainly no normal man could honestly believe himself justified in bringing the repeated suits on the same state of facts with which defendant has burdened this and the trial courts.

Nor is the verdict for damages alone sufficient to protect plaintiff. He is entitled not merely to recover the amount he had heretofore expended in protecting himself, but even more to be freed from further harassment by continued litigation. The trial court

very properly enjoined defendant from attempting to litigate further matters which have previously been definitely and finally determined by the courts.

The judgment of the superior court of Pima county is affirmed.

McALISTER, C. J., and ROSS, J., concur.