406 P.2d 224

George **LANTAY** and Rosalie Lantay,
husband and wife, Appellants,

v.

John McLEAN and Harriet McLean, husband
and wife, and Phelps Dodge Corporation,
a New York corporation, Appellees.*

No. 2 CA–CIV 57.

Court of Appeals of Arizona.

Oct. 6, 1965.

Rehearing Denied Nov. 3, 1965.

Review Denied Dec. 7, 1965.

---

* This appeal was filed with the Arizona
Supreme Court and assigned that Court's
Number 7929. The matter was referred
to this Court pursuant to § 12–120.23
A.R.S.

Douglas O. Peterson, Phoenix, for appellants.

Evans, Kitchel & Jenckes, by Ralph J. Lester, Phoenix, for appellees.

HATHAWAY, Judge.

This is an appeal from a Superior Court judgment entered in favor of the appellees (defendants below) and from the order denying appellants' (plaintiffs below) motion for a new trial.

Plaintiffs filed a complaint in the Superior Court, Pima County, alleging that the defendant John McLean, acting as agent for the defendant corporation, wrongfully and maliciously caused the arrest and criminal prosecution of plaintiff George Lantay on a charge of disturbing the peace. The record shows the following sequence of events which gave rise to this lawsuit.

On September 27, 1961, George Lantay, a resident of Ajo, Arizona, was driving his pickup truck to get some water for use in his home. As he drove past the employment office of the defendant corporation, he decided to stop and see the employment officer, defendant McLean, with a view to applying for employment. McLean refused to discuss the matter with Lantay, and his repeated demands that Lantay leave the office were to no avail. Thereupon McLean summoned sheriff's deputies who removed Lantay from the premises, arrested and jailed him. The following day, plaintiff pleaded not guilty to the charge of disturbing the peace. His subsequent trial resulted in a jury verdict of acquittal.

The Lantays filed the suit which is the subject of this appeal, seeking to recover damages from the defendants for malicious prosecution. At the close of plaintiffs' case, the trial court directed a verdict for the defendants.

■ The elements of a cause of action for malicious prosecution are:

1. A criminal proceeding instituted or continued by the defendant against the plaintiff.

2. Termination of the proceeding in favor of the accused.

3. Absence of probable cause for the proceeding.

4. "Malice," or a primary purpose other than that of bringing an offender to justice.

Prosser, Law of Torts § 98.

■ The gravamen of the action is that the prior proceedings instituted by the defendant were for an improper purpose and not to secure justice. Ackerman v. Kaufman, 41 Ariz. 110, 115, 15 P.2d 966 (1932). Viewing the evidence in a light most favorable to the plaintiffs, since this is an appeal from a directed verdict, the only question involved in this appeal is: Did plaintiffs establish a case of malicious prosecution which should have gone to the jury? In particular, was one essential element of malicious prosecution, namely want of probable cause, shown?

■ Probable cause to institute a proceeding against the accused constitutes a complete and absolute defense to a suit for malicious prosecution. McClinton v. Rice, 76 Ariz. 358, 367, 265 P.2d 425 (1953); Overson v. Lynch, 83 Ariz. 158, 161, 317 P.2d 948 (1957). Our Supreme Court has defined probable cause as "à reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused is guilty of the offense." McClinton v. Rice,

supra. In McClinton, the court went on to say:

"What facts are sufficient to constitute probable cause is a question of law. The test generally applied is: upon the appearances presented to the defendant, would a reasonably prudent man have instituted or continued the proceeding?" *76 Ariz. at p. 367, 265 P.2d at p. 431.*

Applying this test, we find nothing in the record tending to show that McLean instituted the criminal proceeding upon appearances which would not have led an ordinarily prudent man to do so. Rather, the testimony indicates that McLean chose the most reasonable course of action available to him. Plaintiff had made several prior visits to McLean's office and had been unequivocally informed that he would not be hired as McLean had been ordered not to hire him. On one such accasion, about seventeen days prior to plaintiff's arrest, a heated argument took place in McLean's office between Lantay and McLean. McLean was called "a yellow, spineless jellyfish" by Lantay, who on being directed to "get out," announced that he "would be back." As we have previously indicated, he returned on the day of the incident which terminated in his arrest.

McLean had several courses of action open to him when Lantay ignored his requests to leave: (1) he could have endured Lantay's presence and exposed himself to further heated discussions concerning Lantay's employment; (2) he could have attempted to forcibly eject Lantay from the office; or (3) he could have notified the sheriff's office of the situation.

He chose the latter course. which we believe was reasonable under the circumstances. The evidence clearly manifests that Lantay had worn out his welcome at the employment office. It had been pointed out to him, in no uncertain terms, that he was persona non grata and would not be hired. The tenor of his previous visits, his rude conduct and abusive language, would warrant apprehension on McLean's part that an altercation was imminent. Though Lantay's initial entry into the office may have been lawful, McLean had a right to require him to leave. See Annotations 9 A.L.R. 379, 33 A.L.R. 421. McLean was in lawful possession of the premises and had a right to be free from uninvited intrusion by Lantay to voice his views on employment practices of the defendants.[1]

It was incumbent upon plaintiffs to show a prima facie want of probable cause. *Cunningham v. Moreno, 9 Ariz. 300, 303, 80 P. 327 (1905); McClinton v. Rice, supra.* Not only was evidence of want of probable cause lacking, per contra the existence of probable cause was shown. The question being one of law, the trial court correctly ruled that there were insufficient facts to constitute want of probable cause.

Judgment affirmed.

MARY ANNE RICHEY and RICHARD N. ROYLSTON, Superior Court Judges, concurring.

NOTE: The Honorable HERBERT F. KRUCKER and Honorable JOHN F. MOLLOY having requested that they be relieved, the Honorable MARY ANNE RICHEY and Honorable RICHARD N. ROYLSTON, Judges of the Superior Court, Pima County, were called to sit in their stead and participate in the determination of this decision.

---

1. See Avins, The Right Not To Listen, 51 A.B.A. Journal 656 (1965), and cases cited therein.