416 P.2d 213

**Lucille TATE, Appellant,**

**v.**

**Van CONNEL, Appellee.***

**No. 2 CA–CIV 244.**

Court of Appeals of Arizona.

July 7, 1966.

Rehearing Denied Aug. 8, 1966.

Review Denied Sept. 27, 1966.

---

* This appeal was filed with the Arizona
Supreme Court and assigned that court's
No. 8445. The matter was referred to
this court pursuant to A.R.S. section 12–
120.23.

W. Shelley Richey, Douglas, for appellant.

Ramon R. Alvarez, Douglas, for appellee.

MOLLOY, Judge.

This is an appeal from a judgment rendered in a malicious prosecution action granting relief to the plaintiff in the sum of $1,000.

On September 4, 1962, the defendant, Lucille Tate, had signed a blank form denominated "Criminal Complaint" in the Justice Court of Precinct No. 2, Cochise County, State of Arizona, after having previously consulted on this same day with Dale Fenter, deputy county attorney of Cochise County. There was an understanding between the justice of the peace and the defendant that, upon a telephone call from the defendant, this complaint would be activated as one charging the plaintiff in this action, Van Connel, with disturbing the peace.

The defendant was the manager of a small tavern in the town of Elfrida, Cochise County, Arizona. The plaintiff had been a customer in her tavern and because of

previous problems between the defendant and the plaintiff, the defendant had asked the plaintiff to stay out of the tavern. On the evening of September 7, 1962, Connel entered the defendant's tavern and sat down at the bar and was talking with a friend. At this time the defendant phoned a deputy sheriff to have Connel removed from her place of business. According to the defendant, before entering the bar, the plaintiff had been in the restaurant adjoining the tavern and had made the remark: "Hell, I'm going in. * * *" After the deputy arrived, and asked the plaintiff to leave the bar, the plaintiff just sat there at the bar " * * * for a little while" before leaving and then went out with the deputy. Outside, on the porch of the tavern, the defendant could hear an "argument" between the plaintiff and the deputy. Other than this, the plaintiff did nothing that might be considered to be a breach of the peace on this particular evening.

The defendant testified that she was under the impression that the deputy was arresting the plaintiff on the evening of September 7. The next day, when she found out that the deputy had only taken the plaintiff home, she telephoned the justice of the peace and had the complaint activated. As a result of the issuance of a warrant on this complaint the plaintiff was arrested and incarcerated for a short time until bond was posted.

Subsequently, at the plaintiff's trial on the charge of disturbing the peace, Dale Fenter, the deputy county attorney prosecuting the case, disagreed with the ruling of the justice of the peace to the effect that prior difficulties between the plaintiff and the defendant could not be admitted in evidence in order to establish that the incident of September 7, 1962 constituted a breach of the peace. Mr. Fenter walked out in the middle of the trial and the justice of the peace subsequently dismissed the charge against the plaintiff. This action for malicious prosecution followed.

Among the issues to be tried in this action, according to the pretrial order, were the following:

"Did the defendant act maliciously and without probable cause in filing the complaint?

"In so doing, did she act upon the advice and consultation with a Deputy County Attorney of Cochise County?"

■ The first assignment of error presented on appeal is that the trial court erred in failing to direct a judgment for the defendant in that there was a lack of proof that the prosecution brought by the defendant against the plaintiff was without probable cause. The appellant contends, and the appellee admits, that the burden of proof to show lack of probable cause in a malicious prosecution action rests upon the plaintiff. Appellant's argument is that the complaint filed against the plaintiff in the justice court charged that:

" * * * on or about the 7th day of Sept., A.D., 1962, in Precinct No. 2 County of Cochise, State of Arizona, one Van Connel did then and there wilfully, unlawfully disturb the peace and quiet of the complainant of the complaint named herein." (Emphasis supplied by the appellant.)

Admittedly, there was no evidence from the plaintiff in this action as to what he was doing the entire day of the 7th of September, 1962, the plaintiff having limited his proof as to what occurred in the defendant's tavern on the evening in question. From this, the appellant comes to the conclusion that the plaintiff failed in his burden of proof, in that there was the possibility that the plaintiff was guilty of a breach of the peace on some other occasion on the date mentioned in the complaint.

■ The appellee's response to this contention is that there is sufficient evidence to narrow the critical time to the incident at the tavern on the evening of September

7, 1962. With this contention we agree. Among such evidence was the following which was developed during the cross-examination of the defendant by the plaintiff:

"Q Did you file a complaint against the plaintiff, Van Connel, for disturbing the peace?

"A Yes, I did.

"Q That arose—the complaint that I'm referring to—arose as a result of activities on the night of September 7, 1962 at the Elfrida Tavern in Cochise County, Arizona?

"A Yes, I [sic] did."

The remaining three assignments of error all question the trial court's rulings excluding certain evidence proffered by the defendant and barring certain cross-examination of the plaintiff, which evidence and cross-examination pertained to prior conduct of the plaintiff Connel in the Elfrida bar. It was the contention of the defendant that the substance of such conduct had been communicated to the deputy county attorney Fenter and that the narration of this prior conduct had caused Mr. Fenter to advise the defendant Tate that the mere entering of the Elfrida bar by the plaintiff would constitute a breach of the peace.

The record discloses that the cross-examination of the plaintiff by the defendant's counsel as to previous fighting by the plaintiff in the Elfrida bar, being drunk therein, using foul and abusive language therein, threatening the defendant Tate with physical violence on previous occasions, being told to stay out of the premises, being antagonistic toward the defendant, being removed by law enforcement officers, being quick-tempered with the defendant on previous occasions, and similar questions were blocked by the trial court on objections made by the plaintiff that all such conduct prior to the evening of September 7, 1962 was immaterial.

Additionally, there was excluded by the court proffered portions of the deposition of Dale Fenter, who had been killed in an airplane accident prior to the trial of this action, which portions would have established that, prior to the arrest of the plaintiff (1) the defendant had communicated to Fenter the details of prior misconduct of the plaintiff in the Elfrida bar, (2) that Fenter had formed the opinion that because of this prior misconduct and the refusal of entry to the plaintiff by the defendant the mere entering of the bar by the plaintiff would constitute a breach of the peace, and (3) that Fenter had communicated this opinion to the defendant.

The trial court took the position that prior misconduct of the plaintiff was no evidence of a breach of the peace, relying upon the decision of Platt v. Greenwood, 50 Ariz. 158, 69 P.2d 1032 (1937). Communications from the defendant to the county attorney and from the county attorney to the defendant were excluded on the theory that such communications were hearsay, except to the extent that the trial court permitted in evidence the testimony that Fenter had instructed the defendant to file a complaint against the plaintiff.

■ It appears clear to his court that the trial court erroneously excluded evidence going to factual issues in the case. In a wrongful prosecution action, the plaintiff has the burden of proving, among other elements, absence of probable cause for the proceeding and malice on the part of the defendant. These are two separate elements. McClinton v. Rice, 76 Ariz. 358, 367, 265 P.2d 425, 431 (1953). We do not believe the Platt v. Greenwood decision, supra, to be pertinent. This was an action for unlawful arrest and false imprisonment. Good faith in bringing criminal charges was not one of the issues in that case. 22 Am.Jur. False Imprisonment § 25, p. 369; 35 C.J.S. False Imprisonment § 7, p. 629; Adair v. Williams, 24 Ariz. 422, 210 P. 853, 26 A.L.R. 278 (1922).

■■ Issues in a wrongful prosecution action are not the same as those in the criminal action giving rise to it. Hence

evidence that may not be admissible to prove the guilt or innocence of the accused in the criminal prosecution may very well be admissible in the civil action to establish that the accuser had probable cause to bring the charge and/or that the charge was made in good faith and without malice. Generally, considerable latitude is allowed to the defendant in a malicious prosecution action to establish probable cause and good faith in bringing the prosecution. 54 C.J.S. Malicious Prosecution § 89, p. 1065; 34 Am.Jur. Malicious Prosecution § 145, p. 787.

■ This latitude is permitted as to criminal prosecutions because there is a public policy involved in the prompt punishment of those who offend against the laws of the state, and hence public policy favors protection for those who honestly and in good faith cause criminal prosecutions to be commenced. 54 C.J.S. Malicious Prosecution § 3, p. 954; 34 Am.Jur. Malicious Prosecution § 5, p. 706; Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643 (1954).

■ It seems to be well-established law that if a full and truthful disclosure has been made to a licensed attorney by the complainant, there being no reason to distrust the advice of such counsel, and if such counsel has advised that the conduct so communicated constitutes a criminal offense, existence of probable cause has been established as a matter of law. This is so even though the advice and/or opinion of such prosecuting attorney is legally erroneous. 34 Am.Jur. Malicious Prosecution § 71, pp. 747–748; 54 C.J.S. Malicious Prosecution § 46, p. 1010; Restatement, Torts § 666. If the counsel so consulted is a public official charged by law with prosecuting the type of offenses involved, then there seems to be recognition that an even stronger defense is made out. 34 Am.Jur. Malicious Prosecution § 72, pp. 748–749; 54 C.J.S. Malicious Prosecution § 46, p. 1012; Annot. 10 A.L.R.2d 1215 (1956).

■ The communications between the defendant in a malicious prosecution ac-

tion and the attorney who advised the criminal prosecution are admitted, not as exceptions to the hearsay rule, but because the words communicated are not offered for the truth thereof but rather to establish the good faith of the person bringing the prior criminal action. 2 Wigmore, Evidence § 258(c), p. 80 (3d ed. 1940); 34 Am.Jur. Malicious Prosecution § 146, pp. 787–788; 54 C.J.S. Malicious Prosecution § 50, p. 1017.

A pertinent statement is contained within the case of Hightower v. Union Savings & Trust Co., 88 Wash. 179, 152 P. 1015, 1016 (1915):

"The objection to the testimony of Mr. Murphy, the prosecuting attorney, is that he was allowed to state what had been told him by the officers of the bank and others concerning the transactions between the bank and the appellant, and to state that, in his opinion, the appellant was guilty of the charge against him. The objection to the former testimony is on the ground that it is hearsay; and to the latter that, the question of the appellant's guilt not being in issue, he was prejudiced by the statement of the prosecuting attorney that he believed the appellant to be guilty. These statements to Mr. Murphy constituted the information which caused him to direct the prosecution of the appellant, and formed the basis for his decision. Upon their sufficiency as justifying his conclusion that the appellant was guilty depends the good faith of the prosecution and the consequent existence of probable cause, the want of which, concurring with malice, must always be shown to sustain an action for malicious prosecution. Hence such statements have always been held admissible, and are not considered as within the hearsay rule. Jones, Evidence (Ed.1913) § 300, p. 647; Wigmore, Evidence, § 258(c)." 152 P. at 1016.

For the reason that such communications are admitted to show the good faith of the person bringing the criminal action, this

court can see no distinction between "instructions" and "advice" of the prosecuting attorney, a distinction made by the trial court below. Instructions to the defendant to bring a criminal complaint against the plaintiff Connel lose much of their convincing effect as far as the good faith of the defendant is concerned when the following questions and answers of the deputy county attorney Fenter were excluded from the record:

"Q All right, anyway, so that I fully understand your opinion and your advice to her, the conduct of that man Connel at that particular time, in and of itself and standing alone, it's your opinion that it did not constitute an actual disturbance of the peace, isn't that correct? The conduct at that time in and of itself, taken out of its context with everything else, did not constitute disturbing the peace, is that right?

"A That's my opinion of the fact situation now, yes.

"Q All right, but taken in the background of this man's previous conduct in connection with Mrs. Tate and in connection with his conduct in the Elfrida Cafe or the Elfrida Tavern as she reported it to you, it did constitute disturbing the peace, isn't that your opinion?

"A Well, my opinion is that if he stepped foot in the Elfrida Tavern he was disturbing the peace.

"Q And it was your opinion that time that a complaint should be filed against him for disturbing the peace, in your effort as County Attorney, to bring an end to this situation, isn't that right?

"A Oh yes, that's true.

"Q And you so advised her?

"A Yes, I'm sure that I did."

We recognize that there must be some limitation upon communications of the complainant to the prosecuting attorney on the basis of materiality. Completely extraneous communications of prejudicial effect should be excluded, because they would have no probative value insofar as establishing good faith or probable cause. 54 C.J.S. Malicious Prosecution § 49b, p. 1015. However, communications made in this case to the county attorney of prior conduct in the Elfrida Tavern seem sufficiently related to the charge brought against the plaintiff Connel so as to have bearing upon whether the defendant was in good faith in filing the disturbing the peace charge. The following is deemed pertinent:

"Evidence of other and similar offenses and transactions unconnected with the one in issue is generally excluded; *but where it is shown that defendant had knowledge of such facts prior to the commencement of the prosecution, and they have a natural and substantial tendency to affect the reasonableness of his belief, they have been received in evidence.*" (Emphasis added.) 54 C.J.S. Malicious Prosecution § 89c, p. 1067.

The previous occurrence of unpleasantry between the plaintiff and the defendant was deemed to be pertinent to the showing of probable cause in a recent decision of this court. Lantay v. McLean, 2 Ariz.App. 22, 406 P.2d 224 (1965):

"The evidence clearly manifests that Lantay had worn out his welcome at the employment office. It had been pointed out to him, in no uncertain terms, that he was persona non grata and would not be hired. The tenor of his previous visits, his rude conduct and abusive language, would warrant apprehension on McLean's part that an altercation was imminent." 406 P.2d at 226.

But even if the prior conduct of the plaintiff Connel in the defendant's tavern were not sufficiently factually connected with the charge brought as to be admissible under general principles of law, it is clear in this case that, right or wrong, the deputy county attorney Fenter considered this prior conduct would justify a criminal prosecution at any time that the plaintiff Connel should come into the tavern in violation of the orders to stay out.

Under these circumstances, the fact that the conduct did occur becomes pertinent to show the good faith of the defendant in filing the criminal prosecution, Wisniski v. Ong, 84 Ariz. 372, 329 P.2d 1097 (1958), and reasonable cross-examination of the plaintiff Connel in this area should have been permitted. Spector v. Spector, 94 Ariz. 175, 382 P.2d 659 (1963). The fact that the county attorney may have been in error in this regard would not detract from the weight of this evidence in showing that the defendant filed the charges in good faith. The following quotation is deemed pertinent:

"Where the defense of reliance on the advice of the prosecuting attorney is properly made out, the fact that it was erroneous does not preclude reliance thereon as a defense to an action for malicious prosecution." 10 A.L.R.2d 1215, 1256 (1950).

Also:

"It is the common duty of every citizen to report to the legally constituted authorities every violation of the law, to the end that the law may be enforced; '* * * if the complaining party states the facts fully and fairly to the district attorney, and that such officer incorrectly determines that such facts constitute a crime, and proceeds to formulate the necessary papers to set on foot the prosecution, the complaining party is not liable, since the fault is not his, but that of the officer.' Climax Dairy [Co.] v. Mulder, 78 Colo. 407, 242 P. 666, 670; Van Meter v. Bass, 40 Colo. 78, 90 P. 637; 18 L.R.A.,N.S., 49; Burson v. Stoeber, 83 Colo. 156, 262 P. 1021; 54 C.J.S., Malicious Prosecution, § 48, p. 1012." Montgomery Ward & Co. v. Pherson, 129 Colo. 502, 272 P.2d 643, 647 (Colo.1954).

 Appellee contends that no proper offer of proof was made so that error cannot be predicated upon the refusal to permit in evidence the testimony discussed herein. Offers of proof are not necessary when the nature of the testimony offered is clearly apparent. Watson v. Southern Pacific Co., 62 Ariz. 29, 152 P.2d 665 (1944). Such is the case here as to the testimony of deputy county attorney Fenter, whose testimony was offered in deposition form. And when cross-examination of an adverse party is wrongfully restricted, an offer of proof is impracticable and unnecessary in order to predicate error. 4 C.J.S. Appeal and Error § 291, pp. 900–901.

For the reasons herein stated, the judgment below is reversed and the case is remanded for new trial.

KRUCKER, C. J., and HATHAWAY, J., concur.