486 P.2d 216

**Della MEADOWS and Safford J. Meadows, her husband, Appellants,**

v.

**Homer K. GRANT, Appellee.**

**No. I CA–CIV 1252.**

Court of Appeals of Arizona, Division 1, Department B.

June 24, 1971.

Safford J. Meadows, Della Meadows, in pro. per.

Mangum, Wall & Stoops, by Richard K. Mangum, Daniel J. Stoops, Flagstaff, for appellee.

EUBANK, Judge.

Della and Safford Meadows, husband and wife, plaintiffs in the trial court and appellants here, filed their claim against Homer K. Grant, defendant in the trial court and appellee here, alleging two counts of malicious prosecution which arose out of the arrest of Della Meadows on two separate occasions—May 10, 1967 and June 8, 1967—in the city of Flagstaff. The defendant answered and denied that the arrests were the result of malice on his part and alleged, affirmatively, that probable cause for both arrests existed. He also counterclaimed against the plaintiffs. The counterclaim was dismissed by the trial court and is not before us on this appeal.

With the issues joined, plaintiffs and defendant entered into a *Pretrial Stipulation* which was approved by the court on April 28, 1969. It provided, in part, that:

"The uncontested facts are that Della Meadows was arrested on two com-plaints procured by the Defendant, Homer K. Grant; that the two complaints were filed against Plaintiff, both of which were dismissed in favor of the Plaintiff."

This stipulation established and proved the first two elements, of the necessary four elements, that constitute a claim in malicious prosecution, namely: (1) A criminal proceeding instituted or conducted by defendant against the plaintiffs; (2) The termination of the proceedings in favor of the accused; (3) The absence of probable cause from the proceeding; and (4) The presence of malice, or a primary purpose other than that of bringing an offender to justice. Lantay v. McLean, 2 Ariz.App. 22, 406 P.2d 224 (1965). Of the two issues remaining, probable cause is primarily a question of law to be determined by the Court, although where a conflict of facts is involved, the factual basis may be determined by the trier of fact (Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 354 P.2d 34 (1960); Todd v. Melcher, 11 Ariz.App. 157, 462 P.2d 850 (1970)), while the issue of malice is a question for the trier of fact. Prosser, Torts (3rd Ed.1964) pp. 866–867, § 113.

On April 28, 1969 the matter was tried to the court sitting without a jury. Following the trial extensive memoranda were submitted by the parties for consideration by the trial court in arriving at its judgment. The court found in favor of the defendant and against the plaintiffs and the formal written judgment was filed on September 2, 1969. It is from this judgment that plaintiffs appeal.

The questions raised by plaintiffs on appeal are as follows:

"(1) Did Defendant on April 10, 1967, maliciously and without probable cause, procure and have executed a false complaint charging Della Meadows with destruction of real property in the Police Court of the City of Flagstaff, County of Coconino, State of Arizona?

and

"(2) Did Defendant on June 8, 1967, maliciously and without probable cause, procure and have executed a false complaint charging Della Meadows with disturbing the peace in the Police Court of the City of Flagstaff, County of Coconino, State of Arizona?

and if so,

"(3) [If either of the above are answered affirmatively] What are Della Meadows' damages?"

■ The plaintiffs' brief contains an extensive analysis and discussion of the evidence introduced at the trial supporting the plaintiffs' contentions, and supporting their contention for an affirmative answer to questions (1) and (2). The trial court obviously found the facts differently and, in effect, by awarding the defendant judgment, answered the plaintiffs' questions in the negative. Since neither party requested that the trial court make findings of fact and conclusions of law, we must draw all inferences which arise from the evidence introduced at the trial in favor of sustaining the judgment. Rosen v. Hadden, 81 Ariz. 194, 303 P.2d 267 (1956); Kay v. Biggs, 13 Ariz.App. 172, 475 P.2d 1 (1970).

Due to the stipulation entered into by the parties prior to trial, we need only review the sufficiency of the evidence introduced at the trial to support the trial court's implied finding of a lack of malice and presence of probable cause on defendant's part.

The defendant was originally the sole stockholder of the H and G Restaurants Incorporated, which operated under a lease the Branding Iron Restaurant and Cocktail Lounge, located in the city of Flagstaff. In February, 1966, the plaintiff-husband Safford J. Meadows was employed by the defendant as the manager of the Branding Iron. In June Mr. Meadows purchased eleven (11) percent of the H and G Restaurants Incorporated corporate stock from the defendant and continued to work as manager of the Branding Iron, with a salary, until August 1967. During his period of employment as manager, it was agreed between the defendant and plaintiff-husband that in order to meet competition they would employ "go-go dancers" for the cocktail lounge, which they did. The plaintiff-wife strongly objected to the employment of such dancers on moral grounds and commenced a personal campaign of mild harassment to accomplish their elimination. Two of these activities resulted in the arrests here in question.

The first arrest occurred on April 10, 1967, when the plaintiff-wife appeared at the Branding Iron and observed a large sign advertising the appearance of a belly dancer and tore it off the wall. The defendant contacted the city magistrate and gave him these facts. The city magistrate advised the defendant the plaintiff-wife had violated A.R.S. § 13–501, the Destruction of Real Property, and a complaint charging her with this violation was prepared and executed by the defendant. The plaintiff-wife was then arrested. The matter came on for trial and during the proceedings it became apparent that the charge against the plaintiff should have been for destroying personal property rather than real property and the charge was dismissed.

The second arrest occurred two months later on June 8, 1967. This event resulted from an altercation between the plaintiff-wife and a go-go dancer at the cocktail lounge. The defendant, although not present when the event took place, interviewed the witnesses and then asked the plaintiff-wife to leave the premises. When she refused to go, the defendant telephoned the city attorney and told him the circumstances and requested his advice. The city attorney advised him to file a "Disturbing the Peace" (A.R.S. § 13–371) complaint against her. The defendant did, and at the trial on June 21, 1967 she was found guilty as charged. This conviction was appealed and later reversed due to the failure of the prosecutor to file an ordered Bill of Particulars.

■ The record shows that plaintiff-wife candidly admits the foregoing and primari-

ly bases her right to involve herself in the management of the Branding Iron on the basis of the eleven (11) percent stock interest owned by plaintiffs. It is well established in Arizona that stock ownership does not in and of itself vest the stockholder with any right or power to act on behalf of the corporation. When she attempted to do so, without a contract with the corporation or authorization from it, her legal relationship was exactly on the same basis as a stranger to the corporation. Hartman v. Oatman Gold Mining & Milling Co., 22 Ariz. 476, 479, 198 P. 717, 719 (1921). See Tovrea Land And Cattle Company v. Linsenmeyer, 100 Ariz. 107, 412 P.2d 47 (1966); Steinfeld v. Copper State Mining Co., 37 Ariz. 151, 290 P. 155 (1930). See also 13 Fletcher Cyclopedia Corporation, p. 27 § 5730, and § 2098 at p. 464 of Vol. 5; 18 C.J.S. Corporations p. 1171, § 495.

The first question is then whether or not the defendant had probable cause to file the two complaints that resulted in the arrest of the plaintiff-wife. It is our opinion that he did have probable cause to file both complaints. First, the plaintiff-wife was not employed in any capacity by the corporation and she had no right to attempt to dictate or interfere in its management policy. Next, when she was on the premises of the corporation she was in the same legal relationship to the Branding Iron as any other patron and required to obey the law and keep the peace. Then, she admittedly took matters into her own hands and destroyed property belonging to the corporation and disturbed the peace. Finally, the defendant consulted, prior to filing both complaints, with the city magistrate and city attorney and relied upon their advice in filing the two complaints. In Tate v. Connel, 3 Ariz.App. 534, 416 P. 2d 213 (1966), we noted in a similar case that:

"It seems to be well-established law that if a full and truthful disclosure has been made to a licensed attorney by the complainant, there being no reason to distrust the advice of such counsel, and if such counsel has advised that the conduct so communicated constitutes a criminal offense, existence of probable cause has been established as a matter of law. This is so even though the advice and/or opinion of such prosecuting attorney is legally erroneous. 34 Am.Jur. Malicious Prosecution § 71, pp. 747–748; 54 C.J.S. Malicious Prosecution § 46, p. 1010; Restatement, Torts § 666. If the counsel so consulted is a public official charged by law with prosecuting the type of offenses involved, then there seems to be recognition that an even stronger defense is made out. 34 Am.Jur. Malicious Prosecution § 72, pp. 748–749; 54 C.J.S. Malicious Prosecution § 46, p. 1012; Annot. 10 A.L.R.2d 1215 (1956)." (3 Ariz.App. at p. 538, 416 P.2d at p. 217).

Our review of the record reveals a full and fair disclosure to both public officers by the defendant. Certainly the advice of the city prosecutor complies with the Tate case, supra. But what of the disclosure to a city police magistrate?

In Arizona a police magistrate has concurrent jurisdiction with a justice of the peace within the limits of his city. A.R.S. § 22–402. In such capacity he is charged with the express duty, under A.R.S. § 22–311 and Rules 1 and 2, Rules of Criminal Procedure, 17 A.R.S., of determining whether or not there are reasonable grounds to believe that an offense was committed by the person alleged to have committed it. This requires the magistrate to make a pre-complaint determination that the grounds are reasonable upon which the complaint is based. This determination of reasonableness has been characterized as a determination of probable cause by our Supreme Court in Erdman v. Superior Court, 102 Ariz. 524, 433 P.2d 972 (1967) and State v. Currier, 86 Ariz. 394, 347 P.2d 29 (1959). *Where a full and fair disclosure to a magistrate is made*, which facts admittedly constitute an offense—the willful destruction of personal property—as occurred in this case, we hold that the defendant had probable cause as a matter of law to file the complaint even though the magis-

trate was mistaken as to the proper crime with which to charge the plaintiff-wife.

█ The burden of proof to show the lack of probable cause in a malicious prosecution action rests upon the plaintiffs. Tate v. Connel, supra. Since the lack of probable cause was not proven by the plaintiffs, we need not consider the final element of malice.

Judgment affirmed.

JACOBSON, P. J., and HAIRE, J., concur.