317 P.2d 948

Ross W. OVERSON, Appellant,

v.

Joe LYNCH, E. T. Wilbur and Josephine Wilbur, husband and wife, et al., Appellees.

No. 6398.

Supreme Court of Arizona.

Nov. 12, 1957.

Wallace O. Tanner, Phoenix, for appellant.

Earl Platt, St. Johns, for appellees E. T. Wilbur and Josephine Wilbur.

No appearance for appellee Lynch.

JOHNSON, Justice.

This is an appeal by Ross W. Overson, plaintiff-appellant, from an order granting motions of defendants-appellees, Joe Lynch, E. T. Wilbur and Josephine Wilbur, his wife, to dismiss the amended complaint on the ground that it fails to state any claim upon which the relief prayed for, or any relief at all, may be granted against the defendants.

We will set forth verbatim the pertinent part of the first cause of action:

"* * * the defendant E. T. Wilbur, while then and there acting on be-

half of himself and the community, consisting of himself and his wife Josephine Wilbur, and as agent of his wife, Josephine Wilbur, and with the knowledge and consent of his said wife, Josephine Wilbur, while contriving and maliciously, and without probable cause, intending to injure plaintiff, falsely, maliciously and without probable cause, and while being aided and abetted, counselled and advised by the said defendant Joe Lynch, and being under oath, made the following sworn statement:

" 'One Ross M. Overson on or about the 16th day of October, 1955, at St. Johns Precinct, County and State aforesaid, committed a Felony, to wit; Burglary in the First Degree, as follows, to wit:

" 'That the said Ross W. Overson did then and there wilfully, unlawfully and feloniously, in the nighttime, enter a building known as the "Wilbur Food Market", situated in St. Johns, County of Apache, State of Arizona, with the intent therein to commit the crime of Grand Theft.' "

Thereafter, it is alleged in the pleading, a criminal warrant of arrest was wrongfully and unlawfully issued against the plaintiff due to the wrongful, unlawful and malicious acts and statements of defendants, Joe Lynch and E. T. Wilbur; which said acts were without probable cause.

There is further contained therein allegations of the arrest and then the following appears:

"* * * on which last named hearing date it appeared that the defendant E. T. Wilbur, had failed to appear for any hearing on said case and that the defendant E. T. Wilbur had no evidence or testimony to present to said court to prove plaintiff, Ross W. Overson, guilty of said charge, and there being no prosecution thereof, the said Ross W. Overson was discharged by said Court and all further prosecution against said plaintiff was thereafter abandoned by the defendant herein."

The pleading is concluded with an allegation for damages.

The second cause of action is substantially the same as the first except it is alleged that the defendant, Joe Lynch, while contriving and maliciously intending to injure plaintiff, falsely, maliciously and without probable cause and while being aided and abetted, counselled and advised by the defendant, E. T. Wilbur, wrongfully and unlawfully procured and caused a criminal warrant of arrest to be issued against plaintiff by falsely, maliciously and without probable cause making a statement, under oath, before the justice of the peace, that plaintiff was the person guilty of burglary; which statements were false and known to be false by defendant when they

were made, and together with the criminal complaint previously signed by defendant E. T. Wilbur resulted in a continuation of the criminal proceeding. The pleading then alleges the issuance of the warrant of arrest, the arrest, the abandonment of prosecution, and a claim for damages.

◼ Plaintiff's assignments of error are to the issue of whether the complaint states causes of action for malicious prosecution. A complaint for malicious prosecution must allege (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that defendants were prosecutors, (4) that they were actuated by malice, (5) that there was want of probable cause, and (6) the amount of damages sustained. Griswold v. Horne, 19 Ariz. 56, 165 P. 318, L.R.A.1918A, 862; Fowler v. Ruebelmann, 65 Idaho 231, 142 P.2d 594; 34 Am. Jur., Malicious Prosecution, section 111, p. 769.

Defendant E. T. Wilbur contends the complaint is defective in the following respects: (1) that it appears from the face of the complaint that probable cause did exist, (2) that it fails to allege the prosecution terminated favorably to the plaintiff, and (3) that plaintiff is judicially estopped from taking a position in the amended complaint contrary to the allegations contained in the verified complaint.

◼ We will first consider the contention of defendants Wilbur that it appears from the face of the amended complaint that probable cause did exist. In McClinton v. Rice, 76 Ariz. 358, 265 P.2d 425, 431, we held that probable cause is a complete and absolute defense to a suit for malicious prosecution, and we also defined probable cause:

"* * * What facts are sufficient to constitute probable cause is a question of law. The test generally applied is: upon the appearances presented to the defendant, would a reasonably prudent man have instituted or continued the proceeding?"

◼ It is the apparent theory of defendants Wilbur that they acted on the sworn statement of the defendant Joe Lynch, made before the justice of the peace some time after defendant E. T. Wilbur signed and swore to the criminal complaint, which statement was as follows:

"* * * that the plaintiff was the person guilty of burglarizing the E. T. Wilbur Food Market in St. Johns, Arizona, and that he saw the plaintiff between five (5) minutes to 11:00 o'clock P.M. and 11:20 P.M. behind the E. T. Wilbur Food Market in St. Johns, Arizona, * * *."

However, it cannot be determined from the allegations contained in the first cause of action whether the defendant E. T. Wilbur relied on the statement of defendant Joe Lynch, as this statement is the basis of the

second cause of action against defendant Joe Lynch in continuing the criminal proceeding, and it is not set forth in the first cause of action. Each cause of action is separate and independent of the other. If the defendant Joe Lynch apprised the defendant E. T. Wilbur of the information prior to the commencement of the criminal proceeding, whether he acted with probable cause as a reasonably prudent person under the circumstances, are questions of law to be determined by the trial court after the evidence has been presented. We are of the opinion that the allegation of want of probable cause contained in the first cause of action is sufficient; and there is no allegation therein contained showing on the face of the complaint that probable cause existed as a matter of law.

█ The second cause of action is predicated upon the sworn statement of the defendant Joe Lynch, above set forth, made before the justice of the peace after the complaint had been signed and in continuation of the criminal proceeding. It is alleged the statement was false, known to be false and was maliciously made and without probable cause. The pleading as to the second cause of action sufficiently alleges malice and lack of probable cause.

██ It is further urged that the complaint is defective for the reason it fails to sufficiently allege as a matter of law a favorable termination of the prosecu-tion in favor of plaintiff. We have set forth verbatim the allegations of the amended complaint in this respect. Defendant argues the dismissal of the criminal complaint by the justice court and the abandonment of further prosecution does not constitute, as a matter of law, a favorable termination of the criminal proceeding as there could be a refiling of the complaint; and it is conceivable that such complaint might be refiled at any time within the statute of limitation, as fixed by law, for burglary. Indeed, it is further argued it would be a unique position if this plaintiff was permitted to proceed and recover and subsequently a criminal complaint was refiled and the accused was tried and found guilty. The courts in many jurisdictions have considered the question of final termination. In Jaffe v. Stone, 18 Cal.2d 146, 114 P.2d 335, 135 A.L.R. 775, the California Supreme Court thoroughly reviewed the cases dealing with final termination of the criminal proceedings in connection with malicious prosecution suits, and adopted as correct the rule set forth in the Re-Statement of Torts, section 659. We also think this is a correct statement of the rule, which is as follows:

"Comment:

"a. In order that there may be a sufficient termination in favor of the accused it is not necessary that the proceedings should have gone so far

as to preclude further prosecution on the ground of double jeopardy. Hence, although the quashing of an indictment does not preclude the initiation of new proceedings for the same offense or for other charges growing out of the same misconduct on the part of the accused; it constitutes a termination of the original proceeding in favor of the accused unless such new proceedings have been initiated before the trial of the civil action, * * *."

In the same section, comment b, it is said:

"One against whom criminal proceedings have been instituted may be discharged by a magistrate at a preliminary hearing because the evidence produced against him is not such as to warrant his being held for further proceedings to determine his guilt or innocence. In such a case, the discharge is a final termination of the proceedings in favor of the accused, unless it appears that further proceedings growing out of the same misconduct on his part have been instituted. * * *"

Finally, defendant advances the argument that plaintiff is judicially estopped from assuming any position in the second amended complaint which is inconsistent with the allegations contained in the original verfied complaint. The cases cited in support of judicial estoppel have no application to the pleading in question as no material inconsistency exists as to the complaint and amended complaint.

Judgment is reversed and the case remanded for proceedings not inconsistent herewith.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concur.