[Civ. No. 20417.   First Dist., Div. Three.   Dec. 28, 1962.]

RICHARD N. PRIETH, Plaintiff and Appellant, v. LIL-
LIAN DORSEY et al., Defendants and Respondents.

Richard N. Prieth, in pro. per., for Plaintiff and Appellant.

Lucas, Wyckoff, Miller, Stanley, Scott & Bennett, Jerry L.
Stanley and Donald R. Haile for Defendants and Respondents.

DRAPER, P. J.—General demurrer to the second amended
complaint for malicious prosecution was sustained without
leave to amend. Plaintiff appeals from the judgment of dis-
missal.

The complaint alleges in detail that: in August 1959, plaintiff gave to defendant, his landlady, a check for $100; he told her that funds to cover the check would not be deposited for a few days; she agreed to hold the check for a time; instead, she deposited it, it was returned, and defendant then paid her $100 by cashier's check. He alleges that he was arrested May 19, 1960 on a complaint charging violation of Penal Code section 476a, was held in jail some three weeks, and that the complaint was dismissed.

█ Defendant argues that there is no allegation that she instigated the prosecution. It is true that plaintiff alleges that he is "not in a position to ascertain if the Defendant Dorsey or the County of Santa Cruz (also a defendant) was the prime mover in this prosecution." However, he does refer to the complaint as "based on the evidence supplied by the Defendant Dorsey," and alleges "it must be assumed that Defendant Dorsey acted without good cause and for malicious reasons only in procuring the Plaintiff's arrest and confinement." These allegations are uncertain and ambiguous, but they do make it appear that plaintiff is entitled to some relief (*Matteson* v. *Wagoner*, 147 Cal. 739, 742 [82 P. 436]).

█ Defendant also points to the allegation of dismissal of the criminal complaint, and asserts that it is insufficient to show a termination of the prosecution favorable to plaintiff. The rule is not so rigid as defendant asserts (*Jaffe* v. *Stone*, 18 Cal.2d 146 [114 P.2d 335, 135 A.L.R. 775]). Moreover, the facts, although most imperfectly alleged, do preclude denial of leave to amend in this respect (see *Oppenheimer* v. *Tamblyn*, 167 Cal.App.2d 158 [334 P.2d 152]; *Oppenheimer* v. *Tamblyn*, 162 Cal.App.2d 293 [327 P.2d 574]).

Plaintiff's refusal to consult counsel, stemming from his expressed aversion to attorneys as a class, places a burden upon the courts. Nonetheless, his complaint, although clearly subject to special demurrer, does state enough to require that he be given leave to amend (*Eustace* v. *Dechter*, 28 Cal.App. 2d 706 [83 P.2d 523]). █ We note, however, that no cause of action for malicious prosecution can be stated against defendant county (*Dawson* v. *Martin*, 150 Cal.App.2d 379, 382-383 [309 P.2d 915]).

Judgment reversed, with direction to allow plaintiff a reasonable time to amend his complaint.

Salsman, J., and Devine, J., concurred.