596 P.2d 35

**Charles D. BEARUP, Appellant,**

v.

**Sam Tom BEARUP, Appellee.**

**No. 2 CA–CIV 2884.**

Court of Appeals of Arizona,
Division 2.

March 26, 1979.

Rehearing Denied May 2, 1979.

Review Denied May 30, 1979.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellant.

Quisenberry & Hughes by James A. Quisenberry, Casa Grande, for appellee.

OPINION

HATHAWAY, Judge.

This appeal attacks a judgment for appellee on his claim for malicious prosecution and denial of appellant's motions for judgment n. o. v. or for new trial conditioned on appellee's consent to a remittitur. Because appellee failed to establish the essential element of a favorable termination of the criminal prosecution, we reverse.

Appellee is president of Lake Plastics Corporation. Appellant, appellee's uncle, rented equipment to the corporation. On May 27, 1975, appellant received a check of $300 for equipment rental, signed by the corporate secretary, and drawn on the corporation's account at the United Bank, Coolidge, Arizona branch. On June 10, 1975, appellant's bank returned the check because the corporation's account had been closed. Although the exact time is unclear, soon thereafter appellant left the check with the Justice of the Peace to collect the amount due. On June 11, 1975, appellant went to appellee's home to demand payment. Appellee issued a check drawn on another account, appellant deposited it, and

the bank paid it. In October 1975, appellant brought a civil action against appellee for alleged nonpayment of rent, including the period to which the check of May 27 applied. Appellee counterclaimed for alleged misconduct by appellant. Approximately one week after the counterclaim, appellant filed a felony complaint against appellee on the basis of the check he had left with the Justice of the Peace. Appellee was arrested in his home and incarcerated. He was suffering from a severe heart condition at that time.

Appellee moved to dismiss the criminal complaint for lack of evidence that a crime had been committed. The county attorney did not oppose the motion because of its policy not to prosecute when civil litigation is pending. No hearing was held as to the substantive basis for the criminal complaint. The complaint was dismissed.

█ Malicious prosecution actions are unfavored, public policy favoring protection for those who in good faith bring criminal prosecutions. *Tate v. Connel*, 3 Ariz.App. 534, 416 P.2d 213 (1966). The plaintiff must prove damage by a criminal prosecution, which terminated in his favor, with defendant as prosecutor or complaining witness acting without probable cause and with malice. *Slade v. City of Phoenix*, 112 Ariz. 298, 541 P.2d 550 (1975); *Overson v. Lynch*, 83 Ariz. 158, 317 P.2d 948 (1957). Appellant contends that appellee failed to show that the prosecution terminated in his favor, that he acted without probable cause and with malice, or that he actually suffered specified damages.

█ We agree that as the prosecution was dismissed because of the pending civil litigation, appellee failed to show that the dismissal was in his favor. Dismissal of a complaint by the justice court and abandonment of further prosecution may constitute a favorable termination, *Overson v. Lynch*, supra, at 162, 317 P.2d 948; *Jaffe v. Stone*, 18 Cal.2d 146, 114 P.2d 335 (1941); 52 Am. Jur.2d, Malicious Prosecution, § 34 (1970), but if dismissal is for a reason consistent with guilt, there is not a favorable termination. *Oppenheimer v. Tamblyn*, 167 Cal. App.2d 158, 334 P.2d 152 (1959). In this case, although the motion to dismiss for insufficient evidence was granted, appellee failed to object to the Justice of the Peace's testimony that he granted the motion solely because of the pending civil litigation. Appellee therefore waived application of the parol evidence rule to the order granting the motion. See generally, *In re Estate and Guardianship of Purton*, 7 Ariz.App. 526, 441 P.2d 561 (1968); *Associates Finance Corp. v. Scott*, 3 Ariz.App. 1, 411 P.2d 174 (1966). By consenting to a termination which left open the question of his guilt, appellee failed to obtain a favorable termination. He therefore cannot take advantage of it in a tort action for malicious prosecution. W. Prosser, Law of Torts, § 118 at 840 (4th ed. 1971).

The judgment is reversed.

RICHMOND, C. J., and HOWARD, J., concur.