NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IKEMEFULA CHARLES IBEABUCHI, *Plaintiff/Appellant,*

*v.*

DOUG DUCEY, *Defendant/Appellee.*

No. 1 CA-CV 18-0001
FILED 9-18-2018

Appeal from the Superior Court in Maricopa County
No. CV 2017-012339
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Ikemefula Charles Ibeabuchi, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Connie T. Gould
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

**B R O W N**, Judge:

¶1        Ikemefula Charles Ibeabuchi appeals the superior court's order granting Governor Doug Ducey's motion to dismiss.  Because Ibeabuchi's complaint failed to state a claim upon which relief may be granted, we affirm.

## BACKGROUND

¶2        Ibeabuchi filed a complaint against Governor Ducey, alleging, among other things, that "Defendants, in-concert or, otherwise . . . denied [Ibeabuchi] his status check of $70,675,261.00" and "collectively" arrested him in October 2016 for probation violations.[1]  The Governor filed a motion to dismiss under Arizona Rule of Civil Procedure ("Rule") 12 (b)(6) for failure to state a claim and failure to file a notice of claim as required by law.  The Governor also asserted that any attempt Ibeabuchi made to amend his complaint would be futile.  Ibeabuchi did not respond to the motion to dismiss; instead, he filed a "Notice of Claim Statute, At-Law" and an "Acknowledgment."  The superior court granted the motion to dismiss with prejudice, explaining that Ibeabuchi had not "substantively addressed" the motion and there was "[g]ood cause . . . for the various reasons cited by [Governor Ducey]."[2]  Ibeabuchi timely appealed.

## DISCUSSION

¶3        A valid complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8 (a)(2).  This notice pleading standard is required to provide the opposing party "fair notice of the nature and basis of the claim and [an indication] generally [of] the type of litigation involved."  *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (quoting *Mackey v. Spangler*, 81 Ariz. 113,

---

[1]        The complaint also named former United States Attorney General, Loretta Lynch, and Wells Fargo Chief Executive Officer John Stumpf, as defendants, but neither of them are parties to this appeal.

[2]        After Governor Ducey filed a motion to dismiss, but before it was granted, Ibeabuchi also filed an "Affidavit in Support of Complaint By Plaintiff, At-Law."  The record does not reflect whether the court addressed this affidavit.  Although the affidavit's timing suggests it was an attempt to respond to the motion to dismiss, the affidavit does not substantively address the motion and thus it has no bearing on the outcome of this appeal.

115 (1956)). If an opposing party is served with a complaint that does not comply with Rule 8, the party may properly move to dismiss the claim under Rule 12(b)(6). *Id.* at ¶ 7. On appeal, we review the dismissal of a claim under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 7 (2012).

¶4 On review, we "look only to the pleading itself and consider [its] well-pled factual allegations." *Cullen*, 218 Ariz. at 419, ¶ 7 (citations omitted). We also presume "the truth of the . . . factual allegations and indulge all reasonable inferences." *Id.* (citations omitted). However, we do not accept the truth of "allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (citations omitted).

¶5 Ibeabuchi argues the superior court erred in dismissing his claims with prejudice because his complaint "contained sufficient matter accepted as true to state a claim . . . to relief . . . that is plausible on its face"; "allow[s] the court to draw the reasonable inference that . . . [Governor Ducey] is liable for the claims, alleged"; and "[i]t is a recognized element of Constitutional Tort by a government official that [Governor Ducey] caused [Ibeabuchi's] injury."

¶6 Neither the legal or factual allegations in the complaint support Ibeabuchi's broad assertions. The complaint lists several constitutional amendments in the section titled "Applicable Law Supporting Claims," but Ibeabuchi does not assert any specific legal claim against the Governor. Likewise, Ibeabuchi lists numerous facts, but none of his facts form a basis for a claim against the Governor. A complaint that relies merely on conclusory statements, like those asserted by Ibeabuchi, is insufficient to state a claim upon which relief can be granted. *See Cullen*, 218 Ariz. at 419, ¶ 7 (citation omitted).

¶7 Ibeabuchi argues that even if his complaint was not well-pled and failed to state a cognizable claim, he should have been given an opportunity to amend his complaint. Ibeabuchi relies on *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), but *Haines* is inapposite because the Supreme Court's conclusion was specific to the factual case before it. 404 U.S. at 520–21 ("We cannot say with assurance that under the allegations of the pro se complaint . . . it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle to him relief.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))).

¶8 Under Arizona law, before a Rule 12(b)(6) motion is granted, a "non-moving party should be given an opportunity to amend the complaint." *Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26 (App. 1999) (citation omitted). However, a court should only allow the amendment if it will cure the complaint's defects. *See id.*

¶9 Amending Ibeabuchi's complaint would be futile because he cannot properly assert a private right of action for a violation of constitutional rights. Instead, assertion of a claim under 42 U.S.C. § 1983 would be required, *Yanes v. Maricopa Cty.*, 231 Ariz. 281, 283, ¶ 11 (App. 2012), and although § 1983 generally applies to "every person" who violates the constitutional rights of another, Governor Ducey is not such a person when he is acting in his official capacity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

¶10 Moreover, to the extent Ibeabuchi is suing Governor Ducey in his individual capacity, Ibeabuchi has not identified any specific factual allegations he would add to his complaint to connect the Governor to the claimed injuries. Ibeabuchi has not even suggested that the Governor had any personal involvement in either Ibeabuchi's arrest or subsequent confinement, and the alleged denial of the status check occurred on April 27, 2015—almost a year and a half before Ibeabuchi was arrested in Arizona. Accordingly, we affirm the superior court's dismissal order because even if Ibeabuchi amended the complaint, his complaint against the Governor would fail to state a claim upon which relief can be granted.[3]

---

[3] Ibeabuchi also suggests the court erred by allowing Governor Ducey to file a motion to dismiss instead of an answer to the complaint, and that he was unable to respond to the motion without a court order. The civil rules, however, allow filing of a motion before an answer, Ariz. R. Civ. P. 12 (a) (explaining that a defendant "must file and serve an answer or other responsive pleading" within 20 days of service), and Ibeabuchi did not need a court order to respond to the Governor's motion, *see* Ariz. R. Civ. P. 7 (listing allowed pleadings, including a "reply to an answer," if ordered by the court).

## CONCLUSION

¶11        For the foregoing reasons, we affirm the superior court's order dismissing with prejudice Ibeabuchi's complaint.



AMY M. WOOD • Clerk of the Court
FILED:  AA