**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR GEOVANY VALDES FLORES, | No. 20-16373 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-05182-SPL-CDB |
| v. | |
| GRAND CANYON EDUCATION INCORPORATED, AKA Grand Canyon University; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| BRIAN E. MUELLER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former Immigration and Customs Enforcement detainee Cesar Geovany Valdes Flores appeals pro se from the district court's judgment dismissing for failure to state a claim Flores's action alleging constitutional claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

The district court properly dismissed Flores's malicious prosecution claim because Flores failed to allege facts sufficient to show that defendants were prosecutors and that the arresting officers lacked probable cause to arrest Flores for trespassing. *See Lacey v. Maricopa County,* 693 F.3d 896, 919 (9th Cir. 2012) (en banc) (setting forth elements of a § 1983 malicious prosecution claim); *Blankenhorn v. City of Orange*, 485 F.3d 463, 475 (9th Cir. 2007) (observing that the "inquiry is not whether [the arrestee] *was* trespassing," but "whether a reasonable officer had probable cause to think he could have been") (citations omitted); *Overson v. Lynch,* 317 P.2d 948, 949 (Ariz. 1957) (setting forth elements of state tort of malicious prosecution); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018) (noting that the district court may

2                                                                    20-16373

consider documents upon which the plaintiff's complaint necessarily relies); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (explaining that although pro se pleadings are liberally construed, plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Flores's racial discrimination claim because Flores failed to allege facts sufficient to show that the arresting officers lacked reasonable suspicion that Flores was a noncitizen illegally in the United States. *See* 8 CFR §§ 287.8(b)(2), (c)(2)(i); 8 U.S.C. § 1357(a)(2).

To the extent Flores raised *Bivens* claims, dismissal was proper because Flores failed to allege facts sufficient to show a constitutional violation. *See Lanuza v. Love*, 899 F.3d 1019, 1025-26 (9th Cir. 2018) (discussing extension of *Bivens* remedy); *see also Regents of the Univ. of California v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 515 (9th Cir. 2018), *rev'd in part, vacated in part sub nom. Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891 (2020) (explaining that DACA confers no substantive right to its recipients); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (discussing elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim); *Brodheim v. Cry,* 584 F.3d 1262, 1269-71 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context, and noting that "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the

defendant's conduct") (citation and internal quotation marks omitted).

The district court dismissed Flores's unreasonable search and seizure claim because Flores failed to identify a specific defendant that searched his cell phone, and because the seizure of Flores's cell phone occurred during a search-incident-to-arrest. However, Flores named as defendants the four Grand Canyon University ("GCU") campus security officers involved in his arrest – GCU Director of Public Safety Joe Yahner, Officer Aaron Martinez, Timothy, Officer Teresa Kuleff, and Sergeant Cahill – and Grand Canyon University, and alleged that the officers took his phone, and without a warrant, viewed its contents by responding to a text message. Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *See Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *Riley v. California*, 573 U.S. 373, 387-397, 403 (2014) (explaining that the search of a cellular phone incident to arrest, absent exigency, requires a probable cause warrant); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."). We therefore vacate the district court's dismissal of Flores's unreasonable search and seizure claim only and remand for further proceedings.

**AFFIRMED in part; VACATED in part; and REMANDED.**

4                                                                                                    20-16373